IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ASA ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-698C |
| | ) | (Judge Block) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits that this action has been filed within 12 months of the contracting officer's final decision. Otherwise, the allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. The allegations contained in the first three sentences of paragraph 5 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits that ASA submitted a claim to the Contracting Officer in the amount of $1,881,206. Otherwise denies the allegations contained in the fourth sentence of paragraph 5.

6. The allegations contained in the paragraph 6 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the first sentence. Admits the allegations contained in the second sentence of paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents, otherwise denies the second sentence of paragraph 7.

8. Admits.

9. Admits. Further avers that contract modifications have extended the period of performance to 682 days.

10. Admits the first sentence to the extent supported by the contract cited, which is the best evidence of its contents, otherwise denies the first sentence of paragraph 10. Admits the second sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents, otherwise denies.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents, otherwise denies.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract drawings cited, which are the best evidence of their contents, otherwise denies.

14. Admits.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or

information sufficient to form a belief as to their truth.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits that ASA submitted a unit price for this line item of $2.47 per cubic yard; otherwise denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits the allegations contained in paragraph 20 to the extent supported by the bid cited, which is the best evidence of its contents, otherwise denies.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Admits the first sentence contained in paragraph 22. Admits that the second sentence of paragraph is accurate but avers that it is incomplete in that many other factors may affect the rate of transpiration.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies that the Corps has studied the effects of transpiration on this area of the Mississippi delta; otherwise the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits that defendant met with ASA on or about July 23, 2002 and received a letter dated August 18, 2002 from ASA. Admits the allegations contained in the second sentence

of paragraph 25 to the extent supported by the letter cited, which is the best evidence of its contents, otherwise denies. Denies the remaining allegations contained in paragraph 25.

26. The allegations contained in the first sentence of paragraph 26 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Admits the allegations contained in paragraph 27 to the extent supported by the documents cited, which are the best evidence of their contents, otherwise denies.

28. Admits that trees were present in the borrow areas and that the borrow areas were privately owned. Denies the remaining allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Admits the allegations contained in paragraph 29 to the extent supported by the contracts cited, which are the best evidence of their contents, otherwise denies.

30. Admits.

31. Admits that the Corps did not formally amend the solicitation to notify bidders prior to bid that the timber would be removed but that the Corps discussed amending the solicitation in the May 29 e-mail; otherwise denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Admits the allegations contained in the first sentence of paragraph 31 to the extent supported by the bid cited, which is the best evidence of its contents, otherwise denies. Denies the allegations contained in the second sentence of paragraph 32.

33. Admits the first four sentences contained in paragraph 33. Admits that the

Government estimate did not include profit. The remaining allegations contained in paragraph 33 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. Admits that ASA's unit price for CLIN 006 was lower than the other bidders; otherwise the allegations contained in paragraph 34 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. Admits that defendant did not request plaintiff confirm its bid; denies there were pricing anomalies; otherwise the allegations contained in paragraph 35 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. Admits that the Corps notified ASA that the notice to proceed would be issued on or about August 1, 2002 to facilitate the removal of merchantable timber from the borrow areas. Denies that the crews removing the timber were working at the direction of defendant. Denies the remaining allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. Admits that defendant did not notify ASA of tree clearing operations; otherwise denies the allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38. Admits the allegations contained in paragraph 38 to the extent supported by the letter cited, which is the best evidence of its contents, otherwise denies.

39. Admits that the notice to proceed was issued on or about July 30, 2002 to

facilitate the removal of merchantable timber from the borrow areas. Denies the remaining allegations contained in paragraph 39.

40. Admits that trees were removed from borrow area nos. 2 and 3; otherwise denies the allegations contained in the first sentence of paragraph 40. Admits the allegations contained in the second and third sentences of paragraph 40 to the extent supported by the letter cited, which is the best evidence of its contents, otherwise denies.

41. The allegations contained in the paragraph 41 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

42. Admits.

43. Denies.

44. Denies the first two sentences contained in paragraph 44. Admits the third sentence contained in paragraph 44 to the extent supported by the letter cited, which is the best evidence of its contents, otherwise denies the allegations contained in the third sentence of paragraph 44.

45. Denies.

46. Admits the allegations contained in paragraph 46 to the extent supported by the contracting officer's final decision, which is the best evidence of its contents, otherwise denies.

47. Denies.

48. Admits that plaintiff requested that the contract be terminated for the convenience of the Government; otherwise denies the first sentence of paragraph 48. The allegations contained in the remainder of paragraph 48 constitute plaintiff's characterization of its case or

conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. Admits the allegations contained in paragraph 49 to the extent supported by the documents cited, which are the best evidence of their contents, otherwise denies.

50. Denies.

51. Admits that plaintiff requested a contract modification; otherwise denies the first sentence contained in paragraph 51. Admits that plaintiff has submitted a report from Dr. Londo. Admits the accuracy of plaintiff's quotation to Dr. Londo's report to the extent supported by that report, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the contracting officer's final decision and the contract modification which paid ASA for the differing site condition, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 52.

53. Denies the first, third, fourth, and eighth sentences contained in paragraph 53. Admits that plaintiff used dozers upon the project; otherwise denies the second, fifth, sixth, and seventh sentences contained in paragraph 53 for lack of knowledge or information sufficient to form a belief as to their truth.

54. Denies.

55. Admits that plaintiff requested a contract modification and that the parties disagreed concerning the merits of that request; otherwise denies.

56. Admits that the Corps received a certified claim from ASA dated February 24,

2004 in the amount of $1,881,206.00; otherwise denies.

57. Admits.

58. The allegations contained in paragraph 58 constitute plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

59. Defendant restates each and every response contained in paragraphs 1 through 58 as if fully set forth herein.

60. Admits the allegations contained in paragraph 60 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62. Admits the allegations contained in paragraph 62 to the extent supported by the contract drawings cited, which are the best evidence of their contents; otherwise denies.

63. Denies.

64. The allegations contained in the first sentence of paragraph 64 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the remainder of paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65. Denies the allegations contained in paragraph 65 with respect to what ASA relied upon for lack of knowledge or information sufficient to form a belief as to their truth; otherwise denies the allegations contained in paragraph 65.

66. The allegations contained in the first sentence of paragraph 66 constitute

conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the second and third sentences contained in paragraph 66. Denies the allegations contained in the fourth and fifth sentences contained in paragraph 66 for lack of knowledge or information sufficient to form a belief as to their truth.

67. The allegations contained in paragraph 67 constitute conclusions of law or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies that costs claimed by ASA were attributable to the clear-cutting of the existing forestation.

68. Admits the allegations contained in paragraph 68 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies. Admits that defendant issued a modification to the contract which recognized increased costs associated with clearing and grubbing tree stumps and downed tree tops.

69. The allegations contained in paragraph 69 constitute conclusions of law or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

70. Admits that ASA submitted a certified claim dated February 24, 2004; otherwise admits the allegations contained in paragraph 70 to the extent supported by the certified claim, which is the best evidence of its contents; otherwise denies.

71. Admits.

72. The allegations contained in paragraph 72 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 72, or to any relief whatsoever.

73. Defendant restates each and every response contained in paragraphs 1 through 72 as if fully set forth herein.

74. Admits the allegations contained in paragraph 74 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies.

75. The allegations contained in paragraph 75 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76. Denies the first and third sentences contained in paragraph 76. The remaining allegations contained in paragraph 76 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

77. Admits that ASA submitted a certified claim dated February 24, 2004; otherwise admits the allegations contained in paragraph 77 to the extent supported by the certified claim, which is the best evidence of its contents; otherwise denies.

78. Admits.

79. The allegations contained in paragraph 79 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 79, or to any relief whatsoever.

80. Defendant restates each and every response contained in paragraphs 1 through 79 as if fully set forth herein.

81. Denies that the removal of the trees resulted in costs for which ASA has not been compensated in a contract modification; otherwise denies the allegations contained in paragraph 81 for lack of knowledge or information sufficient to form a belief as to their truth.

82. The allegations contained in paragraph 82 constitute conclusions of law or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83. The allegations contained in the first sentence of paragraph 83 constitute conclusions of law or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the remainder of the allegations contained in paragraph 83.

84. Denies the first sentence contained in paragraph 84. Admits the second sentence contained in paragraph 84. The remaining allegations contained in paragraph 84 constitute conclusions of law or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

85. The allegations contained in the first sentence of paragraph 85 constitute conclusions of law or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second, third, fourth, and fifth sentences of paragraph 85 to the extent supported by the contract cited, which is the best evidence of its contents, otherwise denies the second third, fourth, and fifth sentences of paragraph 85. Denies the sixth sentence contained in paragraph 85.

86. The allegations contained in the first and second sentences of paragraph 86 constitute conclusions of law or plaintiff's characterization of its case to which no answer is

required; to the extent they may be deemed allegations of fact, they are denied. Denies the third sentence of paragraph 86.

87. Admits that ASA submitted a certified claim dated February 24, 2004; otherwise admits the allegations contained in paragraph 87 to the extent supported by the certified claim, which is the best evidence of its contents; otherwise denies.

88. Admits.

89. The allegations contained in paragraph 89 constitute conclusions of law or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 89, or to any relief whatsoever.

90. Defendant restates each and every response contained in paragraphs 1 through 89 as if fully set forth herein.

91. The allegations contained in the first sentence of paragraph 91 constitute conclusions of law or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 91 to the extent supported by the regulation cited, which is the best evidence of its contents, otherwise denies.

92. Admits the first sentence contained in paragraph 92 to the extent supported by ASA's bid, which is the best evidence of its contents; otherwise denies. Denies the second sentence contained in paragraph 92.

93. Admits the first four sentences contained in paragraph 93. Admits that the

Government estimate did not include profit. The remaining allegations contained in paragraph 93 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

94. Admits that ASA's unit price for CLIN 006 was lower than the other bidders; otherwise the allegations contained in paragraph 94 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

95. Admits that defendant did not request plaintiff confirm its bid; denies there were pricing anomalies; otherwise the allegations contained in paragraph 95 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Further avers that ASA's bid price of $4,073,516.00 compared favorably with the Government estimate of $4,179.240.00.

96. The allegations contained in paragraph 96 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

97. Denies.

98. Denies the allegations contained in paragraph 98 for lack of knowledge or information sufficient to form a belief as to their truth.

99. Denies the allegations contained in paragraph 99 for lack of knowledge or information sufficient to form a belief as to their truth.

100. Denies the allegations contained in paragraph 100 for lack of knowledge or information sufficient to form a belief as to their truth.

101. Denies the allegations contained in paragraph 101 for lack of knowledge or information sufficient to form a belief as to their truth.

102. The allegations contained in paragraph 102 constitute plaintiff's characterization of its case or conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

103. Admits that ASA submitted a certified claim dated February 24, 2004; otherwise admits the allegations contained in paragraph 103 to the extent supported by the certified claim, which is the best evidence of its contents; otherwise denies.

104. Admits.

105. The allegations contained in paragraph 105 constitute conclusions of law or plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 105, or to any relief whatsoever.

106. Defendant further avers that the alleged basis for relief set forth in count IV of the complaint was not submitted to the contracting officer. Therefore, the Court does not possess jurisdiction to consider count IV of the complaint.

107. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Michael N. O'Connell
MICHAEL N. O'CONNELL
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 307-0286
(202) 514-8624 (fax)

August 26, 2005

Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 26th day of August, 2005, a copy of the foregoing answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Michael N. O'Connell